Henry L. Sutherland and Lucile Sutherland v. Commissioner.
Sutherland v. Commissioner
Docket No. 1013-66.
United States Tax Court
T.C. Memo 1968-20; 1968 Tax Ct. Memo LEXIS 276; 27 T.C.M. (CCH) 103; T.C.M. (RIA) 68020; January 31, 1968. Filed *276 Lucile Sutherland, pro se, 1328 N. Alvarado St., Los Angeles, Calif. Erwin L. Stuller, for the respondent. TANNENWALD
Memorandum Opinion TANNENWALD, Judge: Respondent determined deficiencies in petitioners' income taxes in the amounts of $269.26 and $195.57 for the taxable years 1961 and 1962, respectively. Two issues are involved herein: (1) Was petitioner Lucile Sutherland engaged in the trade or business of producing and selling or leasing master records and (2) if she was so engaged, did she expend the sums of $1,596.32 in 1961 and $1,077.37 in 1962 in furtherance thereof? [1]
Petitioners, Henry L. Sutherland and Lucile Sutherland (hereinafter referred to as "Lucile"), are husband and wife, whose legal residence was in Los Angeles, California at the time of the filing of the petition herein. They filed timely joint Federal income tax returns for the taxable years in question with the district director of internal revenue, Los Angeles, Cailfornia. In a prior proceeding *277 before this Court, involving the taxable year 1960, Lucile's claim that she was in the business of promoting her daughter, a singer known professionally as Linda Padgett, was rejected. . The findings of fact therein, insofar as they relate to her background and general objectives, are incorporated herein by reference. Lucile asserts that her specific objectives changed during the years involved herein from promoting the career of her daughter to making and exploiting master recordings of other musical artists. During the taxable years in question, Lucile was over 60 years of age and not in good health. Although she considered herself possessed of considerable musical ability and had been interested in the "music world," her knowledge of the recording business seems to have been most redimentary and based entirely upon general conversations with a limited number of people in the industry. At the trial herein, Lucile and her daughter were the sole witnesses. Their testimony indicated that, prior to the taxable years involved herein, Lucile decided to record popular music because she understood that such endeavors were relatively *278 easy of accomplishment and she was under the impression that a good recording could produce substantial financial rewards. In furtherance of such endeavors, Lucile arranged to have musicians and vocalists record several popular songs. Her efforts to dispose of these recordings seem to have been uniformly 104 unsuccessful. She realized no income therefrom during the years in question and, indeed, testified that she could not recall ever realizing any income during the eightyear period 1961 through 1967, with the possible exception of one $14 check. Perhaps Lucile was convinced that she was in the recording business. But, as sympathetic as we may be to her claim, we are forced to conclude that she simply has not met the standards established by the decided cases. The key element is the state of mind of the taxpayer - did he in good faithe expect to make a profit? There is no requirement that an immediate profit actually be realized. Similarly, the expectation of profit need not be reasonable, although the prospect of eventual profit has a bearing on the question of the taxpayer's state of mind. (C.A. 2, 1964), affirming a Memorandum *279 Opinion of this Court; (C.A. 9, 1963), affirming a Memorandum Opinion of this Court $ ;:$ (C.A. 7, 1960), affirming a Memorandum Opinion of this Court; ; , affirmed, (C.A. 2, 1967); , affirmed per curiam, (C.A. 6, 1955). The most that can be said in this case is that Lucile hoped to make a profit. But it was at best an ephemeral, undefined hope, unrelated to any semblance of a substantive plan of achievement. Such a state of mind cannot be said to reach the level of even an unreasonable expectation. As has frequently been pointed out, the issue involved herein inevitably turns upon the particular facts of each case. See ; . The burden is on the taxpayer, and petitioners herein simply have not met that burden. In view of the foregoing, *280 we need not resolve the secondary question of substantiation of the claimed expenditures. We note, however, that the record is extremely meager in this respect and fails to contain any evidence as to the major portion of the amounts deducted on the return. Decision will be entered for the respondent. Footnotes
1. The Court did not fix any time for filing briefs for the reason that it felt no briefs were necessary and the parties did not indicate that they thought briefs would serve any useful purpose.↩